# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 15-661V
**Filed: July 28, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ARTHUR COLLINS,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

Special Master Hamilton-Fieldman

Joint Stipulation on Damages;
Influenza ("Flu") Vaccine;
Guillain-Barré syndrome ("GBS").

<u>Isaiah Kalinowski</u>, Maglio, Christopher and Toale, PA, Washington, D.C., for Petitioner.
<u>Glenn MacLeod</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On June 24, 2015, Arthur Collins ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that an influenza ("flu") vaccine administered on October 26, 2013 caused him to suffer from Guillain-Barré syndrome ("GBS").

On July 27, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner.  Respondent denies that the flu vaccine caused Petitioner's alleged GBS or any other injury and further denies that his current disabilities are a sequela of a vaccine-related injury.  However, the parties agree to the joint stipulation, attached

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $200,000.00 in the form of a check payable to Petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Stipulation ¶ 8.

The undersigned approves the requested amounts for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
ARTHUR COLLINS,                     *
                                    *
         Petitioner,                *
                                    *
v.                                  *        No. 15-661V (ECF)
                                    *        Special Master
                                    *        Lisa Hamilton-Fieldman
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
         Respondent                 *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Arthur Collins, filed a petition for vaccine compensation under the National
Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program").
The petition seeks compensation for injuries allegedly related to petitioner's receipt of the
trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the
"Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received flu vaccine on or about October 26, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a consequence
of the flu immunization he received on or about October 26, 2013, and further alleges that he
suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action
for damages on his behalf as a result of his condition.

6.  Respondent denies that the flu vaccine caused petitioner's GBS or any other injury and further denies that his current disabilities are a sequela of a vaccine-related injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 26, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about June 24, 2015, in the United States Court of Federal Claims as petition No. 15-661V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS or any other injury or any of his current disabilities.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

ARTHUR COLLINS

ATTORNEY OF RECORD FOR
PETITIONER:

ISAIAH R. KALINOWSKI, ESQ.
MAGLIO CHRISTOPHER & TOALE LAW FIRM
1775 Pennsylvania Avenue, NW,
Suite 225
Washington, District of Columbia 20006
Tel: (888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD  20857

ATTORNEY OF RECORD FOR
RESPONDENT:

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 616-4122

Dated: 7/26/16