# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-661V
Filed: March 15, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| ARTHUR COLLINS, | * | |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | Attorneys' Fees and Costs; Reasonable |
| HUMAN SERVICES, | * | Hourly Rates; Fees for Travel. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

Isaiah R. Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.
Glenn A. MacLeod, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 24, 2015, Arthur Collins ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") as a result of the administration of a trivalent influenza ("flu") vaccine on October 26, 2013. Pet. 1, ECF No. 1.

Special Master Hamilton-Fieldman issued a Decision on the Parties' Stipulation on July 28, 2016, awarding Petitioner $200,000.00 in damages. Decision 2, ECF No. 23. On August 23, 2016, Petitioner submitted a Motion for Attorneys' Fees. Mot. Att'ys' Fees, ECF No. 27. Respondent submitted his Response on September 9, 2016. Resp't Resp., ECF No. 29.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed his Reply on September 19, 2016.  Pet'r's Reply, ECF No. 30.  After careful consideration, the undersigned grants Petitioner's Motion for Attorneys' Fees in part.

## I.     PROCEDURAL HISTORY

In his Motion for Attorneys' Fees, Petitioner requested $32,641.90 in fees and $3,171.03 in costs, totaling $35,812.93.  Mot. Att'ys' Fees 1.  Petitioner also requested $16.80 for personally-incurred costs.  *Id.* at 2.  Petitioner's counsel requested an hourly rate of $361 for work completed in calendar years 2014 and 2015.  *See* Pet'r's Ex. 14 at 2-12, ECF No. 27-1.  He requested a lower hourly rate of $349 for his work in 2016.  *See id.* at 12-16.  Petitioner's counsel also requested hourly rates of $95, $135, and $145 for the work of his firm's paralegals, respective to the paralegal's experience.  *See generally id.*

Respondent argued in his response to Petitioner's Motion that this case had been "pending for just over a year" and did not involve hearings, medical experts, legal briefings, or life care planners.  Resp't Resp. 4.  Therefore, a reasonable award of attorneys' fees and costs to Petitioner would "fall between $22,000.00 [and] $28,500.00."  *Id.*  Respondent also noted how Petitioner's hourly rate lowered from $361 per hour in 2014 and 2015 to $349 per hour in 2016 without any explanation.  *Id.* at 4 n.1.  Respondent urged the Court to apply the fee structure in *Scharfenberger v. Secretary of Health and Human Services*, No. 11-221V, 2015 WL 3526559, at *7-*10 (Fed. Cl. Spec. Mstr. May 15, 2015), *aff'd*, 124 Fed. Cl. 225 (2015).  *Id.*

Petitioner's Reply first highlighted that Respondent did not contest the reasonableness of Petitioner's hourly rate or the hours requested.  Pet'r's Reply 1.  Petitioner then argued against Respondent's comparison to other cases within the Program.  *Id.* at 3.  Finally, Petitioner argued that Respondent's use of *Scharfenberger* was misguided, as an appeal in that case was withdrawn "in light of the decision in *McCulloch v. Sec'y of HHS*."  *Id.* (citing No. 09-293V, 2015 WL 5634323 (Fed Cl. Sept. 1, 2015)).

## II.    STANDARDS FOR ADJUDICATION

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.

2

*See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Attorneys may be awarded fees for travel if they provide adequate documentation that they performed legal work during that travel.  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  For example, an attorney that has been practicing for twenty or more years has an appropriate hourly rate between $350 and $425.  *Id.*  An attorney with eight to ten years of experience, on the other hand, has a reasonable hourly rate between $275 and $350.  *Id.*

### III. DISCUSSION

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted).  Petitioner's counsel, Mr. Kalinowski, possesses ample experience in the Vaccine Program.  *See generally* Pet'r's Ex. 18, ECF No. 27-5.  He has been a licensed attorney since 2005 and served as a law clerk in the Vaccine Program from January 2007 to November 2010.  *Id.* at 2-3.  After his clerkship, Mr. Kalinowski joined the Washington, D.C. office of Maglio Christopher & Toale, P.A.  *Id.* at 3.  As a partner with the law firm, he has filed over 130 cases in the Vaccine Program.  *Id.*  Mr. Kalinowski conducts his work in the District of Columbia; therefore, forum rates apply.  *See McCulloch*, 2015 WL 5634323 at \*7 (stating that fees will be based upon the "forum rate, which in this Program would be Washington, D.C., except where the work was substantially performed in the firm's home locale *and the local rates are . . . significantly less than those in Washington D.C.*" (citing *Avera*, 515 F.3d at 1349) (emphasis in original)).

Respondent argues for the undersigned to apply the fee rate found in *Scharfenberger* in 2015 to Mr. Kalinowski.  In *Scharfenberger*, Mr. Kalinowski was awarded rates of $300 and $305 for work performed in 2013 and 2014, respectively.  2015 WL 3526559 at \*10.  However, Mr. Kalinowski's awarded rates have fluctuated within the Vaccine Program.  In a case decided in the same year as *Scharfenberger*, Mr. Kalinowski was awarded an hourly rate of $325 for work performed from 2012 to 2013.  *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  In 2016, Mr. Kalinowski was awarded $349 per hour for work performed in 2016, and $325 for work performed from 2013 to 2015.  *Riggs v. Sec'y of Health & Human Servs.*, No. 14-743, 2016 WL 6407474, at \*3 (Fed. Cl. Spec. Mstr. Sept. 27, 2016).

In this case, for work performed in 2014 and 2015, Mr. Kalinowski requested an hourly rate of $361.  Pet'r's Ex. 14, at 1-12.  For 2016, Mr. Kalinowski reduced his requested hourly rate to $349.  *Id.* at 12-16.  For 2014, Mr. Kalinowski had nine years of experience as an attorney.  *See* Pet'r's Ex. 18 at 1, ECF No. 27-5.  Following *McCulloch*, Mr. Kalinowski falls within the eight to ten years range, from $275 to $350 an hour, for the years of 2014 and 2015.  2015 WL 5634323 at \*19.  For 2016, Mr. Kalinowski possessed eleven years of experience.  *See*

Pet'r's Ex. 18 at 1.  He would thus fall within the $300 to $375 an hour *McCulloch* range for that year.  2015 WL 5634323 at *19.

Based upon his experience in the Vaccine Program, I find that reasonable hourly rates for Mr. Kalinowski are $349 as requested for 2016, and $325 for work performed from 2014 to 2015.  This fee rate reduction amounts to a subtraction of **$2,253.60** from Mr. Kalinowski's requested total.  As Respondent did not object to the rate requested for the work of paralegals, I find their rates reasonable.  Furthermore, after a review of Mr. Kalinowski's request for costs, I find them to be reasonable.

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings.  515 F.3d at 1348.  In a review of Mr. Kalinowski's records, the undersigned did not find any duplicative billing requests.  However, Mr. Kalinowski requested his full hourly rate for his travel on the dates of July 16, 17, and 20, 2015.  Pet'r's Ex. 14 at 7.  Following *Gruber*, the undersigned will grant a full hourly rate for travel where an attorney provides documentation that she or he performed work while traveling.  91 Fed. Cl. at 791; *see also Amani v. Sec'y of Health & Human Servs.*, No. 14-150V, 2017 WL 772536, at *6 (Fed. Cl. Spec. Mstr. Jan. 31, 2017).

Here, Mr. Kalinowski requests $361 per hour for 4.5 hours of travel on July 16, 2015; 6 hours of travel on July 17; and 6.8 hours of travel on July 20, 2015.  Pet'r's Ex. 14 at 7.  On July 16 and 20, Mr. Kalinowski documents, "None of this time was spent in the airport or in flight working on this or any other case." *Id.*  This record provides insufficient documentation for a full award for these dates.  Similarly for July 17, 2015, Mr. Kalinowski documents, "Drive from Billings to client's home in remote Broadus, MT." *Id.*  These notes are also insufficient for a full award of Mr. Kalinowski's hourly rate.  The undersigned will award Mr. Kalinowski an hourly rate of $162.50 for the dates of July 16 and 20, 2015, which amounts to one-half of his reasonable rate of $325.  This reduction reflects travel time wherein Mr. Kalinowski did not provide evidence that he was working solely for Petitioner.  For July 17, 2015, the undersigned will award Mr. Kalinowski an hourly rate of $216.67 for travel, which amounts to two-thirds of his reasonable rate of $325.  This reduction reflects travel time wherein Mr. Kalinowski was driving and therefore unable to engage in any other work or personal activity.  The total reduction for these dates is **$2,486.25**.

## IV.    CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I find that attorneys' fees will be reduced to $27,902.05 and costs granted in full.  Accordingly, I award a total of $31,089.88 as follows:

- **The total of $31,073.08[3] to be issued in the form of a check payable jointly to Petitioner and Maglio Christopher & Toale, PA, Washington, D.C., for attorneys' fees and costs;**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for

- **The total of $16.80 in the form of a check payable to Petitioner, Arthur Collins, for his litigation costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master

---

legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.